May it please the Court, Katherine Tassinari for the appellant and claimant in this Social Security matter. The main issue in this case is that the ALJ did not address the opinion of Dr. Lyon, the claimant's treating doctor. This is a case where the claimant applied for benefits after his insured status expired, and there were no opinions by any of the treating doctors at the time regarding his ability to work, because that wasn't an issue in the case. He was seeking treatment only, and there was no discussion of what his limitations were. The only examining doctor to give an opinion regarding his ability to work during this period, before his insured status expired, was Dr. Lyon, who was treating him in the same medical group as the doctors had been treating him for many years. Justice Sotomayor, the administrative magistrate judge referred to Dr. Lyon not as the treating physician, but as the reviewing physician, since he interviewed your client after the period had ended. What is your response to that? Well, Your Honor, under the regulations, a treating doctor is someone who provides services to the claimant, and Dr. Lyon certainly did that. He had his colleagues' records to review. And case law in this circuit supports the fact that even a doctor who is giving an opinion after the fact is still entitled to consideration. I think the Smith v. Owen case and some others, even if he were considered a reviewing doctor, the ALJ still would have had to give some reason for rejecting his opinion versus the only reviewing doctor in the case who works for the agency. And there was no discussion. Didn't he, although he did not refer to Dr. Lyon by name, he referred to all the things that had been examined. And is it required that he refer to Dr. Lyon by name? Well, I think he needed to acknowledge that he had seen that report, number one. And number two, Dr. Lyon gave some reasons that the other reviewing doctor didn't even mention, the tachycardia, the hypertrophy, ventricular hypertrophy, and the arrhythmias that the disability determination services doctor didn't mention any of those in his opinion in the record. One last question, then I'll stop. Did the magistrate judge, though, mention those particular ailments in his summary? He did, but those were not reasons articulated by the agency. They were not articulated by the ALJ, and the magistrate judge actually made his own determination of the record which we would submit was not appropriate. And it would have to go back to the agency? It should go back to the agency to have Dr. Lyon's opinion considered. That's our position. Thank you. There are some other issues. I think one thing the magistrate judge said, which he said that everything was, that the claimant's problems were relieved by medication during this critical time period, but if you look at the record, it was just a steady searching of my client, searching for an explanation for his problems, and there was never any complete resolution. Even the migraines continued throughout the entire period at a rate of one or two a week. He continued to have this nausea, flushing, sweating, et cetera, that before and after the critical insured status date in 97. So there was never, and it was also mentioned by the magistrate and the commissioner of a gap. The commissioner says there was a three-and-a-half-year gap. I think somebody else says a four-year gap, but there's never a gap in treatment. He didn't have cardiac treatment all the way through. There was a two-and-a-half-year period where he didn't, but during that time, he was treated steadily many times by an endocrinologist, an infectious disease specialist, and by his own family practice doctor. So I think there was some misunderstanding about the facts in terms of what Mr. Isham's condition really was. The plaintiff's wife also gave some very credible testimony regarding the claimant's condition. But counsel, isn't credibility to be determined by the ALJ? It is, which would suggest substantial evidence, but in this circuit, we're looking for clear and convincing reasons. And did he not give clear and convincing reasons? No, Your Honor. Because the claimant was at least specific, were they not? They were specific, but that's not adequate, of course, because that's not clear and convincing. But the other thing was, the main reason he gave was the ALJ apparently had work experience painting cars, and he was very troubled by the claimant's continuing to work one or two hours a day in his shop. But one thing should be noted. This is a claimant who, under Social Security regulations, is considered older, which I know is hard to believe for those of us who are in that category of the Social Security advanced age status. But even if he could work regularly at a sedentary job, he wouldn't be able to do his job as a tank truck driver, and unless they could show some transferable skills, he would have to be found disabled. So all that the evidence shows is that for a couple of hours a day, he could be active up and around, but that's not enough to sustain competitive work. Counsel, you have three minutes remaining. If you'd like to reserve, you may do so. Okay. I don't believe there'll be — I don't — if there's anything of substance, I'll reserve. Very fine. We'll hear from the government. Mr. Baumann? Good morning, Your Honor. My name is Ken Baumann. I'm an assistant United States attorney in the District of Oregon, as Judge O'Scanlan knows. And I am — I feel like the reoccurring dream where you sleep through a final. Ten minutes ago, or 20 minutes ago, I was sitting at my desk. I know nothing about this case. The people from Social Security called our office and said Ms. Wolfe was terribly ill and could not make it in. And so that the government would be represented, I at least walked over here. I would submit as follows, that this should be submitted on the briefs unless this Court feels that oral argument from the government is really necessary. And then I would ask respectfully that you reset this to another time or even later today when somebody would have an opportunity to read the brief. I couldn't even find the brief. That would be unfair to my colleague over here to have to come back. So I would — I would suggest that we submit this on the brief unless there is some large area that you think the government in fairness should be able to argue for this Court. Thank you, Counsel. We will take it under advisement. And we appreciate the fact that the government made the effort to be here today. Thank you. Thank you, Judge.
judges: D.W. Nelson, O'scannlain, Burns